BEVERLY RAFANELO, *p.a. vs.* ADELE CAPOBIANCO.

JUNE 26, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an action of trespass on the case for negligence which was tried before a justice of the superior court, sitting without a jury, who rendered a decision for

the plaintiff in the sum of $300. The case is here on her exception to such decision on the ground that the damages are grossly inadequate.

On February 20, 1955 plaintiff, who was then ten years of age, was riding on the front seat of an automobile, driven by her aunt, when it collided with another automobile at the intersection of Ring and Almy streets in the city of Providence. As a result of the collision she was thrown forward and struck her head on the dashboard. According to the undisputed testimony plaintiff sustained a hematoma over her left eyebrow, ecchymosis and bruises around the bridge of her nose, persistent bleeding from the nose, and tenderness around the forehead. She complained of headaches and dizziness immediately after the accident and as a result thereof lost twenty-two days from school.

The trial justice was not convinced that any of those injuries was serious. The plaintiff was not in court and so he was deprived of the opportunity of observing her or hearing her testify as to whether any of her injuries were still adversely affecting her well-being. In his decision he commented on her absence and stated that it was difficult to know just what her degree of suffering was and what amount of damages would compensate her therefor. However, he concluded that on all the evidence her injuries were not very serious and that $300 would "take care of the situation without any difficulty."

The plaintiff contends that such award does not represent a reasonable evaluation of her pain and suffering in that the damages ought to be assessed at not less than four figures. In the argument here her counsel strenuously urged that the trial justice erred in thus minimizing her injuries and awarding her such inadequate damages. Of course in relying on that argument he had the burden of convincing us that the trial justice was clearly wrong. Unless he has succeeded in discharging that burden the decision cannot be disturbed.

After a careful reading of the transcript, we are of the opinion that the evidence of plaintiff's injuries does not show that they were as serious as her counsel contends. While they may have been more serious than the trial justice found, we cannot say that they were so serious as to justify us in holding that his award of $300 was grossly inadequate. In other words we are unable to say that his decision was clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

FLYNN, C. J., did not participate in the decision.

*Fergus J. McOsker,* for plaintiff.

*Carroll & Dwyer, Robert L. Kiernan,* for defendant.