PETER BALDASSARE *vs.* ANTHONY J. PAGLIARO.

DECEMBER 9, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an action of trespass on the case for negligence which was tried before a justice of the superior

court sitting without a jury. A decision was rendered for the plaintiff in the amount of $1,200 and costs. The case is before this court on the plaintiff's exception to such decision.

It is not disputed that on June 21, 1955 an automobile owned and operated by plaintiff was standing in a line of traffic on Charles street in the city of Providence when it was struck in the rear by an automobile owned and operated by defendant. The plaintiff's evidence, which was not substantially contradicted, established that he sustained property damages and incurred medical expenses and loss of wages in a total amount of $1,022.15. Evidence was also adduced in plaintiff's behalf concerning personal injuries, including an injury to his left ear, all of which will be hereinafter more fully discussed.

The plaintiff contends that the trial justice erred in refusing to assess damages for a permanent partial loss of hearing or for any injury to his left ear, and in awarding inadequate damages for his pain and suffering.

We will first consider plaintiff's contention that the trial justice erred in refusing to assess damages for a permanent partial loss of hearing in the left ear. The trial justice did not find that a permanent partial loss of hearing had been proved but he held that, because there had been no allegation of permanent injury to the ear, he could not assess damages even had the injury been proved.

The plaintiff did not allege any permanent injury but in his bill of particulars described an injury as "left traumatic labyrinthitis, injury to the left ear." He argues that this constitutes a sufficient allegation of permanent injury to the left ear to permit an assessment of damages therefor. In support of this contention he relies on a part of the rule laid down in *MacGregor* v. *Rhode Island Co.,* 27 R. I. 85. In that case it was held that where an injury is alleged which is of such a nature that it would inevitably result in the injured party being affected permanently

thereby, it is not required that an express allegation of permanent injury be made. The rule in the *MacGregor* case, however, goes further. It states that where the injury complained of is not one which is necessarily permanent in its nature, good pleading requires that an allegation of permanent injury be made if damages therefor are to be assessed. In our opinion the injury described in the bill of particulars is not of such a nature as would of necessity result in permanent injury. The trial justice did not err in refusing to assess damages for the permanent injury claimed.

There remains plaintiff's contention that in awarding damages the trial justice did not make a reasonable evaluation of his partial loss of hearing nor of his pain and suffering, and that therefore the award made was grossly inadequate. It is clear from the language used in the decision by the trial justice that he found that plaintiff's evidence did not prove a causal connection between the impairment of his hearing and the accident or that he had endured any substantial amount of pain and suffering as a result of the accident. The error charged by plaintiff is that on this evidence the award of damages was grossly inadequate. In such circumstances plaintiff has the burden of convincing us that the trial justice was clearly wrong and, unless such burden is met, we will not disturb the decision. *Rafanelo v. Capobianco*, 85 R. I. 493, 133 A.2d 639.

After a careful examination of the transcript, we are of the opinion that the evidence does not clearly establish a causal connection between the impaired hearing of the plaintiff and the accident or that the plaintiff's pain and suffering were as substantial as he contends they were. The plaintiff may have endured pain and suffering in excess of what the trial justice felt he had endured but not to such an extent as would warrant our holding that the amount of damages awarded was grossly inadequate. Therefore we cannot say that his decision was clearly wrong.

464

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Votolato & Connors, Arthur N. Votolato,* for plaintiff.

*Carroll & Dwyer, Robert L. Kiernan,* for defendant.